**SLADE, INC., Plaintiff-Appellant,**

v.

**SCURLOCK OIL COMPANY, Highlands Insurance Company and/or John Doe Insurance Company, Defendants-Appellees.**

No. 27826
Summary Calendar.

United States Court of Appeals
Fifth Circuit.
Oct. 22, 1969.

---

George E. Duncan, Wells, Duncan, Beard, Greenberg & Hunt, Beaumont, Tex., G. Allen Kimball, Jones, Kimball, Harper, Tete & Wetherill, Lake Charles, La., for plaintiff-appellant.

Allen L. Smith, Jr., Plauche & Plauche, Lake Charles, La., for defendant-appellees.

Before GEWIN, GOLDBERG and CARSWELL, Circuit Judges.

PER CURIAM:

This is an appeal from an adverse ruling and judgment entered against Slade, Inc. The original suit was one for indemnity, filed by Slade, Inc., against Scurlock Oil Company and Highlands Insurance Company, for full or partial reimbursement of sums which it paid in maintenance and cure and in settlement of bodily injury claims to two of its employees who were burned in a flash fire aboard its vessel while loading petroleum condensate at docks owned by Scurlock Oil Company.

The basis of plaintiff's suit against Scurlock was that the flash fire was caused by or due to certain alleged acts and omissions on the part of Scurlock and the faulty condition of its dock or pier to which Slade's barges were tied at the time the fire occurred. Slade has taken this appeal from the following adverse factual findings of the trial court: (1) The cause, origin, or place of origin of the fire was not due to fault or negligence on the part of Scurlock; (2) Scurlock did not in any way breach any implied warranties owed to Slade; and (3) Even if there was a breach, there was no causal connection between the breach and the accident.[1] We affirm.

The "legal" question posed by appellant is whether the district court erred, as a matter of law, in holding that an implied warranty of workmanlike service, owed by defendant to plaintiff, can be breached only by proof of negligence.

After a complete review of the testimony offered by the expert witnesses at trial the Court concludes that it is not necessary to decide the issue posed by appellant.

The record reveals that the origin of the fire is unknown but that it was wholly confined to appellant's vessel and there were no signs of the fire having emanated from the dock area. The testimony of the experts, for the most part, consisted of suppositions and conjecture as to the fire's origin.

---

1. Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804, Part I (5th Cir. 1969).

The district court correctly held that the burden of proof is on Slade, Inc., to show fault or negligence on the part of Scurlock Oil Company. Furthermore such fault or negligence must be shown, by a preponderance of the evidence, to be the cause of the flash fire and resulting injuries. See Ayres Marine Service, Inc. v. W. Horace Williams Co., Inc., 213 F.2d 27 (5th Cir. 1954); Locke v. River Lines, Inc., 248 F.Supp. 92 (D.C. Cal.1964), affirmed, 352 F.2d 307 (9th Cir. 1965); Russell, Poling & Company v. Tug Alice M. Moran, 205 F.Supp. 874 (D.C.N.Y.1962).

The record fully supports the district court's conclusion that Slade, Inc., failed to carry its burden of proof. Even assuming a warranty of the broadest nature, the district court was certainly not clearly erroneous in holding that there was no proof of breach or, if so, that any breach had a causal connection with the injuries sustained. Furthermore, the Court is convinced that the appellant has failed, on the record, to prove the existence of any warranty expressed or implied.

The judgment of the district court is affirmed.